COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-415-CR
MELVIN LEE WILEY                                                                                
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM THE 297
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Melvin Lee Wiley appeals from his conviction for the murder
of his wife, arguing that the evidence is legally insufficient to support the
verdict. We affirm.
The evidence supporting the verdict shows that Virginia Wiley was shot
in her and appellant's home at close range with a revolver owned by appellant.
She had a total of eight gunshot wounds, two of which were defensive. The gun
contained six fired cartridge cases.
On the night of the murder, the security company that monitored
appellant's house alarm received a "panic" alarm signal from
appellant's house at 8:45 p.m. The company tried to call appellant's house, but
the telephone was disconnected, so the police were called. The company then
received another panic alarm at 8:52 p.m. The security company called Bertha
Brown, Virginia's aunt, who then called the Wiley's house. Appellant answered
and said Virginia had been shot "three or four times."
Bertha telephoned Hortense Brown, Virginia's aunt, and told her what
appellant said. Hortense asked Kendra Brown, Virginia's cousin, to go to the
Wiley's house to check on them. When Kendra drove by the house, she saw
appellant standing outside just looking.
Appellant went across the street to ask Wiley McDonald, his neighbor,
to call 911. Appellant told McDonald that he came home, went into the house, and
saw "his wife was laying on the bed and he said he think that she's
dead." When the paramedics arrived, appellant told Duston Smallridge, one
of the paramedics, that his wife had been shot. When Smallridge saw Virginia's
body, however, he could not see any gunshot wounds until he rolled her over.
There were also no noticeable blood splatters, and only one small blood smudge
on the floor beside the bed. Smallridge said appellant appeared to be unusually
calm.
When Officer Mike Salas of the Fort Worth Police Department arrived at
the house, he saw appellant in the living room wiping off his hands. Tests for
gunshot residue on appellant's hands and clothes were negative. Salas also
thought appellant appeared calm. Appellant showed Salas where Virginia's body
lay and told him that he had come into the house and found his wife shot. There
were no signs of burglary or forced entry, and nothing was reported missing.
Officer Jerardo Cedillo arrived later. Appellant told him that he had
been spraying for bugs, left the house, and found his wife dead upon his return.
Cedillo saw the butt of the gun sticking out from under clothing that was on top
of a table outside the bedroom where Virginia's body lay. Cedillo stated that
there was no smell of bug spray in the house.
The evidence also showed that appellant and Virginia had marital
problems. Appellant thought Virginia was having an affair, and appellant had
once told a friend that he had set fire to his own house in 1998 to prevent
Virginia's alleged paramour from acquiring the property appellant and Virginia
had accumulated. After the fire, the relationship between appellant and Virginia
deteriorated. The police concluded that Virginia knew her attacker.
In reviewing the legal sufficiency of the evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict.
Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App.
2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim.
App. 1992), cert. denied, 507 U.S. 975 (1993). The
critical inquiry is whether, after so viewing the evidence, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App.), cert. denied, 522 U.S. 844 (1997). This standard
gives full play to the responsibility of the trier of fact to resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
Based on the direct and circumstantial evidence in the case, we hold
that a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt and that appellant was the perpetrator. Thus, we
conclude the evidence is legally sufficient to sustain the verdict and overrule
appellant's sole point.
We affirm the trial court's judgment.
 
                                                                           
SAM J. DAY
                                                                           
JUSTICE
 
PANEL F: DAY, GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.